UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSS ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. FILED: APRIL 9, 2008 |
| | ) | 08CV2005     PH |
| CARMAX AUTO | ) | JUDGE PALLMEYER |
| SUPERSTORES, INC. | ) | MAGISTRATE JUDGE VALDEZ |
| Defendant. | ) | |

### COMPLAINT

NOW COMES the Plaintiff, ROSS ELLIOTT, by and through his attorneys, KROHN & MOSS, LTD., complaining against the Defendant, CARMAX AUTO SUPERSTORES, INC., and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Odometer Requirements Act, 49 U.S.C. 32701, et seq. Additionally, Plaintiff seeks rescission and damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, and for common law fraud.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the Odometer Requirements Act, 49 U.S.C. 32701. The remaining claims arise from the same transaction, and are so related to the foregoing as to create supplemental jurisdiction as contemplated by 28 U.S.C. § 1367 (a).

### FACTS COMMON TO ALL COUNTS

3. The Plaintiff, ROSS ELLIOTT ("Plaintiff") was at all times relevant hereto residing in the state of Illinois.

4. The Defendant, CARMAX AUTO SUPERSTORES, INC. ("Defendant") is a business corporation engaged in the sale of motor vehicles and related services and accessories. Defendant is authorized to and conducts business in the state of Illinois.

5. On or about November 12, 2007, Plaintiff purchased from Defendant a 2002 Honda CRV ("CRV") for valuable consideration. See Buyer's Order, attached hereto and marked exhibit "A."

6. Prior to and at the time of Plaintiff's purchase, Defendant, acting through its duly authorized agents and salespersons, represented to Plaintiff that the CRV had been driven thirty-three thousand five hundred and seventy-three (33,573) miles, and prepared a disclosure statement to the plaintiff stating that the mileage was "actual". See Odometer Disclosure Statement, attached hereto as Exhibit "B."

7. In making the aforementioned representations, Defendant misrepresented, suppressed, omitted and/or concealed that the CRV had traveled an amount of miles substantially in excess of 33,573 with the intent Plaintiff rely on said misrepresentations, suppressions, omissions and/or concealments.

8. Shortly after taking possession of the CRV, Plaintiff began to experience numerous defects and non-conformities within the CRV which substantially diminish the use, value and/or safety of the CRV to Plaintiff.

9. In an effort to have these defects cured, Plaintiff returned the CRV to one of the Manufacturer authorized dealers for repair.

10. At said date and time, the Manufacturer's authorized dealer showed Plaintiff a sticker attached to the CRV indicating that the vehicle's that the odometer had been changed and, therefore, the reading on the odometer was not the actual miles on the vehicle.

11. Had Plaintiff known that Defendant's representations as stated above were untrue, or had Plaintiff known the true condition of the CRV, Plaintiff would not have purchased the CRV.

12. Plaintiff exercised all due diligence and reasonably relied on Defendant's representations.

13. Defendant had either actual knowledge or reasonably should have known the falsity of its representations, or acted in reckless disregard for the truth or falsity of its representations.

14. Defendant intended to induce Plaintiffs' reliance on Defendant's pre-sale representations.

15. Plaintiffs' suffered actual damages in reliance on Defendant's misrepresentations, including:

   a. purchase of an automobile which failed to conform to the basis of the bargain;

   b. loss of all moneys expended towards the purchase of the CRV;

   c. loss of all moneys expended on repairs to the CRV; and,

   d. severe aggravation and inconvenience.

16. Plaintiffs' actions of purchasing an automobile from Defendant are akin to all consumers' actions and thus concern all consumers.

17. Defendant's misrepresentation of and/or failure to disclose the true condition of the CRV involve consumer protection concerns, as Defendant holds itself out to be a place of business where consumers can come to purchase automobiles and related services.

18. The requested relief is in the best interest of all consumers, as if the requested relief is granted, Defendant will be discouraged from engaging in conduct similar to that alleged fraudulent in this Complaint.

19. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of Plaintiff, thereby warranting substantial punitive damages.

## COUNT I-
## VIOLATION FEDERAL ODOMETER REQUIREMENTS ACT

20. Plaintiffs re-allege paragraphs 1-19 of this Complaint.

21. Defendant's actions as stated above constitute a violation of the Federal Odometer Requirements Act, 49 U.S.C. 32701 et. seq..

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment Defendant for actual, statutory, punitive and other damages to which Plaintiffs are entitled;

    b. Award attorneys fees, litigation expenses and costs; and

    c. Grant other relief deemed just and appropriate.

## COUNT III
## ILLINOIS ODOMETER FRAUD

22. Plaintiffs re-allege paragraphs 1-19.

23. The foregoing violations of federal law also constitute violations of Illinois State law, 625 ILCS 5/3-112.1.

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment against Defendant for all actual, statutory and punitive damages to which Plaintiffs are entitled;

    b. Award attorneys fees, expenses of litigation and costs; and

    c. Grant other relief deemed just.

## COUNT III-
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

24. Plaintiffs re-allege paragraphs 1-19.

25. Defendant's actions as stated above constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

WHEREFORE, Plaintiffs request that the court:

    a. Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiffs are entitled;

    b. Enter an order rescinding the transaction;

    c. Award attorneys fees, litigation expenses and costs; and

    d. Grant other relief deemed just and appropriate.

## COUNT IV-
## COMMON LAW FRAUD

26. Plaintiffs re-allege paragraphs 1-19.

27. Defendant's actions as stated above constitute common law fraud.

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiffs are entitled;

    b. Enter an order rescinding the transaction;

    c. Award attorneys fees, litigation expenses and costs; and

    d. Grant other relief deemed just and appropriate.

**Respectfully submitted,**

By:   s/Gregory H Moss
        One of their Attorneys

KROHN & MOSS, LTD.
120 West Madison Street, 10th Floor
Chicago, IL 60602
(312) 578-9428

# EXHIBIT A

# CarMax BUYER'S ORDER

**ROSS WILLIAM ELLIOTT**
Purchaser/Buyer #1

Purchaser/Buyer #2
815 CONCORD LN
Home Address
HOFFMAN ESTATES, IL 60193
City   State   Zip
(847) 495-4415
Home Phone   Work Phone

Printed 11/13/2007 04:08 pm 1 of 1
DMS Tracking #: 733858   Reprint #: 0

**VEHICLE PURCHASE:**
☐ New  ☒ Used  ☐ Demonstrator

| Make | Body Type | Model |
|---|---|---|
| HONDA | 4D SPORT UTILITY | CRV |

| Vehicle ID Number | Year | Mileage |
|---|---|---|
| SHSRD78842U003639 | 2002 | 33,573 |

| Stock Number | | Color |
|---|---|---|
| 1032317 | | BLUE |

Unless otherwise indicated, the odometer mileage listed on the Odometer Disclosure Statement on the reverse side of the title (or in a separate Odometer Disclosure Statement) to the vehicle transferred to Purchaser hereunder is based on the best knowledge and belief of CarMax, and Purchaser agrees that CarMax shall have no liability to Purchaser under this agreement or otherwise if the odometer is determined to be inaccurate for reasons beyond the control of, and without the actual knowledge of CarMax.

**NO LIABILITY INSURANCE INCLUDED**
Purchaser's Insurance Company: USA CASUALTY
USAA   (800) 531-8111
Agent's Name   Phone Number

Address   City   State   Zip

**TRADE-IN INFORMATION (Vehicle sold to CarMax):**

| Make | Body Type | Model |
|---|---|---|
| TOYOTA | 4D PASS VAN | SIENNA |

| Vehicle ID Number | Year | Mileage |
|---|---|---|
| 4T3ZF19C7YU317032 | 2000 | 116794 |

| Make | Body Type | Model |
|---|---|---|
| | | |

| Vehicle ID Number | Year | Mileage |
|---|---|---|
| | | |

The Carmax Warranty Brochure, by this reference, is made a part of this contract. Please read it in its entirety because it contains the details of the Limited Warranty.
LIMITATION OF WARRANTIES: CARMAX MAKES NO EXPRESS WARRANTIES UNLESS SEPARATELY SET FORTH IN WRITING. ANY AND ALL IMPLIED WARRANTIES APPLICABLE TO THE PRODUCTS SOLD HEREUNDER, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO THE DURATION OF THE WRITTEN LIMITED WARRANTY GIVEN BY CARMAX, IF ANY.
To the extent allowed by applicable law, Carmax shall not be liable for any damages relating to loss of use of the products, loss of time, inconvenience or commercial loss, or any other incidental or consequential damages. Any and all warranties are extended only to the original purchaser.
SOME STATES DO NOT ALLOW LIMITATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS OR EXCLUSION OR LIMITATIONS ON RELIEF SUCH AS INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATION MAY NOT APPLY TO YOU. THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU ALSO MAY HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.

| | | |
|---|---|---|
| 1) Base Price of Vehicle ☒CarMax ☐ValuMax ☐New | | 1) $ 15,998.00 |
| 2) Accessories (see Accessories Addendum attached hereto and made a part hereof) | | 2) $ 0.00 |
| 3) Extended Service Agreement ☐Maxcare ☐ValuServ ☐Manuf. | | 3) $ 0.00 |
| 4) Credit Life, Involuntary Unemployment Insurance | | 4) $ 0.00 |
| 5) Total Vehicle Balance | | 5) $ 15,998.00 |
| 6) Total "Trade-In" Value | $ 3,500.00 | |
| Cash Delivered to Purchaser | $ 0.00 | |
| Total Amount not Applied to Purchase | $ 0.00 | |
| Applied Equity from "Trade-In" | | 6) $ 3,500.00 |
| 7) Total Balance Due(5-6) | | 7) $ 12,498.00 |
| 8) Other Charges: | | |
| Optional ERT Fee | $ 25.00 | |
| Transfer Fee | $ 15.00 | |
| Title Fee | $ 65.00 | |
| Sales Tax | $ 881.00 | |
| Cook County Tax | $ 94.36 | |
| N/A | $ N/A | |
| N/A | $ N/A | |
| DOCUMENTARY FEE | $ 58.48 | 8) $ 1,138.84 |
| 9) Discharge of Lien TO: | | 9) $ 0.00 |
| 10) Total Selling Price (7+8+9) | | 10) $ 13,636.84 |
| 11) Downpayment | | 11) $ 13,636.84 |
| 12) Incentives and Rebates | | |
| N/A | $ N/A | |
| N/A | $ N/A | |
| N/A | $ N/A | 12) $ 0.00 |
| 13) BALANCE DUE AT SETTLEMENT (10-11-12) | | 13) $ 0.00 |

☒Cash Sale ☐Financed ☐Lease
If applicable, Finance Company Name N/A

I have decided not to purchase extended service coverage for my vehicle at this time. _____ Purchaser Initial

**THIS VEHICLE IS SOLD AS IS WITH NO WARRANTY AS TO MECHANICAL CONDITION.**

SIGNATURE   DATE
IF THIS AGREEMENT IS FOR A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Prior written or oral statements, negotiations, communications or representations about the products sold hereunder have been merged into or superceded by this writing and, if not included in this writing, are not binding. This is the total agreement about any and all warranties related to the products sold hereunder.

**PLEASE READ THE BACK OF THIS FORM, IT CONTAINS TERMS THAT ARE PART OF THIS BUYERS ORDER THAT AFFECT YOUR PURCHASE.**

By executing this Order, Purchaser acknowledges he has read front and back and agrees to be bound by all of its terms and has received a fully completed copy. Purchaser certifies he/she is 18 years of age or older.

_____
Purchaser #1 Signature   Social Security Number   Purchaser #2 Signature   Social Security Number

This order is not valid unless signed and accepted by an authorized representative of the Dealership.

LEE HALL   11-12-07
Salesperson   Date   Authorized Representative of Dealership

IL 5/00   www.carmax.com   PFF550

8

# EXHIBIT B

11/12/2007 04:06 pm 1 of 1
DMS Tracking #: 733831   Reprint #: 0

# ODOMETER DISCLOSURE STATEMENT
(Non-Leased)

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE ODOMETER MILEAGE UPON TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR AN INACCURATE STATEMENT MAY MAKE YOU LIABLE FOR DAMAGES TO YOUR TRANSFEREE, FOR ATTORNEY FEES, AND FOR CIVIL OR CRIMINAL PENALTIES, INCLUDING FINES AND/OR IMPRISONMENT, PURSUANT TO SECTIONS 409, 412, AND 413 OF THE MOTOR VEHICLE INFORMATION AND COST SAVINGS ACT OF 1972 (PUB. L. 92-513, AS AMENDED BY PUB. L. 94-364).

I, CARMAX - SCHAUMBURG_____, STATE THAT THE ODOMETER
   (TRANSFEROR'S NAME - PRINT)
NOW READS___33,573___(NO TENTHS) MILES/KILOMETERS AND TO THE BEST OF MY KNOWLEDGE THAT IT REFLECTS THE ACTUAL MILEAGE OF THE VEHICLE UNLESS ONE OF THE FOLLOWING STATEMENTS IS CHECKED.

CHECK ONE BOX ONLY.

☐ (1) I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING REFLECTS THE AMOUNT OF MILEAGE IN EXCESS OF ITS MECHANICAL LIMITS.

☐ (2) I HEREBY CERTIFY THAT THE ODOMETER READING IS NOT THE ACTUAL MILEAGE. WARNING ODOMETER DISCREPANCY.

| YEAR | MAKE | BODY TYPE | MODEL |
|---|---|---|---|
| 2002 | HONDA | 4D SPORT UTILIT | CR-V |

VEHICLE IDENTIFICATION NUMBER
**SHSRD78842U003639**

TRANSFEROR'S SIGNATURE _____
PRINTED NAME CARMAX - SCHAUMBURG
TRANSFEROR'S ADDRESS 250 E. GOLF ROAD
                     STREET
                     SCHAUMBURG        IL       60173
                     CITY             STATE    ZIP

DATE OF STATEMENT ___11/12/2007___
TRANSFEREE'S SIGNATURE _____
PRINTED NAME ROSS WILLIAM ELLIOTT
TRANSFEREE'S ADDRESS 915 CONCORD LN
                     STREET
                     HOFFMAN ESTATES    IL      60192
                     CITY              STATE   ZIP

2