UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSS ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 CV 2005 |
| ) | |
| CARMAX AUTO SUPERSTORES, INC., ) | Judge Pallmeyer |
| ) | Magistrate Judge Valdez |
| Defendant. ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant, CARMAX AUTO SUPERSTORES, INC., by and through its attorneys, SWANSON, MARTIN & BELL, LLP, for its Answer to Plaintiff's Complaint, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Odometer Requirements Act, 49 U.S.C. § 32701, *et seq*. Additionally, Plaintiff seeks rescission and damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, and for common law fraud.

ANSWER: Defendant denies the allegations contained in paragraph 1.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the Odometer Requirements Act, 49 U.S.C. § 32701. The remaining claims arise from the same transaction, and are so related to the foregoing as to create supplemental jurisdiction as contemplated by 28 U.SC. § 1367(a).

ANSWER: Defendant denies the allegations contained in paragraph 2.

## FACTS COMMON TO ALL COUNTS

3.  The Plaintiff, ROSS ELLIOTT ("Plaintiff') was at all times relevant hereto residing in the state of Illinois.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3; therefore, defendant denies same pursuant to Federal Rule of Civil Procedure 8(b).

4.  The Defendant, CARMAX AUTO SUPERSTORES, INC. ("Defendant") is a business corporation engaged in the sale of motor vehicles and related services and accessories. Defendant is authorized to and conducts business in the state of Illinois.

ANSWER: Defendant admits the allegations contained in paragraph 4.

5.  On or about November 12, 2007, Plaintiff purchased from Defendant a 2002 Honda CRV ("CRV") for valuable consideration. See Buyer's Order, attached hereto and marked Exhibit "A".

ANSWER: Defendant admits the allegations contained in paragraph 5.

6.  Prior to and at the time of Plaintiff's purchase, Defendant, acting through its duly authorized agents and salespersons, represented to Plaintiff that the CRV had been driven thirty three thousand five hundred and seventy-three (33,573) miles, and prepared a disclosure statement to the plaintiff stating that the mileage was "actual". See Odometer Disclosure Statement, attached hereto as Exhibit "B."

ANSWER: Defendant admits the allegations contained in paragraph 6.

7.  In making the aforementioned representations, Defendant misrepresented, suppressed, omitted and/or concealed that the CRV had traveled an amount of miles substantially in excess of 33,573 with the intent Plaintiff rely on said misrepresentations, suppressions,

omissions and/or concealments.

    ANSWER:    Defendant denies the allegations contained in paragraph 7.

    8.    Shortly after taking possession of the CRV, Plaintiff began to experience numerous defects and non-conformities within the CRV which substantially diminish the use, value and/or safety of the CRV to Plaintiff.

    ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8; therefore, defendant denies same pursuant to Federal Rule of Civil Procedure 8(b).

    9.    In an effort to have these defects cured, Plaintiff returned the CRV to one of the Manufacturer authorized dealers for repair.

    ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9; therefore, defendant denies same pursuant to Federal Rule of Civil Procedure 8(b).

    10.    At said date and time, the Manufacturer's authorized dealer showed Plaintiff a sticker attached to the CRV indicating that the vehicle's that the odometer had been changed and, therefore, the reading on the odometer was not the actual miles on the vehicle.

    ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10; therefore, defendant denies same pursuant to Federal Rule of Civil Procedure 8(b).

    11.    Had Plaintiff known that Defendant's representations as stated above were untrue, or had Plaintiff known the true condition of the CRV, Plaintiff would not have purchased the CRV.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11; therefore, defendant denies same pursuant to Federal Rule of Civil Procedure 8(b).

12. Plaintiff exercised all due diligence and reasonably relied on Defendant's representations.

ANSWER: Defendant denies the allegations contained in paragraph 12.

13. Defendant had either actual knowledge or reasonably should have known the falsity of its representations, or acted in reckless disregard for the truth or falsity of its representations.

ANSWER: Defendant denies the allegations contained in paragraph 13.

14. Defendant intended to induce Plaintiffs' reliance on Defendant's pre-sale representations.

ANSWER: Defendant denies the allegations contained in paragraph 14.

15. Plaintiffs' suffered actual damages in reliance on Defendant's misrepresentations, including:

    a. purchase of an automobile which failed to conform to the basis of the bargain;

    b. loss of all moneys expended towards the purchase of the CRV;

    c. loss of all moneys expended on repairs to the CRV; and,

    d. severe aggravation and inconvenience.

ANSWER: Defendant denies the allegations contained in paragraph 15, including sub-paragraphs a. through d.

16. Plaintiffs' actions of purchasing an automobile from Defendant are akin to all consumers' actions and thus concern all consumers.

ANSWER: Defendant denies the allegations contained in paragraph 16.

17. Defendant's misrepresentation of and/or failure to disclose the true condition of the CRV involve consumer protection concerns, as Defendant holds itself out to be a place of business where consumers can come to purchase automobiles and related services.

ANSWER: Defendant denies the allegations contained in paragraph 17.

18. The requested relief is in the best interest of all consumers, as if the requested relief is granted, Defendant will be discouraged from engaging in conduct similar to that alleged fraudulent in this Complaint.

ANSWER: Defendant denies the allegations contained in paragraph 18.

19. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of Plaintiff, thereby warranting substantial punitive damages.

ANSWER: Defendant denies the allegations contained in paragraph 19.

## COUNT I
## VIOLATION OF FEDERAL ODOMETER REQUIREMENTS ACT

20. Plaintiffs re-allege paragraphs 1-19 of this Complaint.

ANSWER: Defendant re-states its answers to paragraphs 1 through 19 as its answer to paragraph 20 of Count I, as though fully set forth herein.

21. Defendant's actions as stated above constitute a violation of the Federal Odometer Requirements Act, 49 U.S.C. § 32701 et seq.

ANSWER: Defendant denies the allegations contained in paragraph 21.

WHEREFORE, Defendant, CarMax Auto Superstores, Inc., denies that Plaintiff is entitled to judgment or relief in any amount whatsoever, and specifically denies that Plaintiff is entitled to the relief sought in sub-paragraphs a. through c. of the *ad damnum* to Count I.

## COUNT II
## ILLINOIS ODOMETER FRAUD

22.     Plaintiffs re-allege paragraphs 1- 19.

ANSWER:     Defendant re-states its answers to paragraphs 1 through 19 as its answer to paragraph 22 of Count II, as though fully set forth herein.

23.     The foregoing violations of federal law also constitute violations of Illinois State law, 625 ILCS 5/3-1121.

ANSWER:     Defendant denies the allegations contained in paragraph 23.

WHEREFORE, Defendant, CarMax Auto Superstores, Inc., denies that Plaintiff is entitled to judgment or relief in any amount whatsoever, and specifically denies that Plaintiff is entitled to the relief sought in sub-paragraphs a. through c. of the *ad damnum* to Count II.

## COUNT III
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT

24.     Plaintiffs re-allege paragraphs 1- 19.

ANSWER:     Defendant re-states its answers to paragraphs 1 through 19 as its answer to paragraph 24 of Count III, as though fully set forth herein.

25.     Defendant's actions as stated above constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

ANSWER:     Defendant denies the allegations contained in paragraph 25.

WHEREFORE, Defendant, CarMax Auto Superstores, Inc., denies that Plaintiff is entitled to judgment or relief in any amount whatsoever, and specifically denies that Plaintiff is entitled to the relief sought in sub-paragraphs a. through d. of the *ad damnum* to Count III.

## COUNT IV
## COMMON LAW FRAUD

26. Plaintiffs re-allege paragraphs 1-19.

ANSWER: Defendant re-states its answers to paragraphs 1 through 19 as its answer to paragraph 26 of Count IV, as though fully set forth herein.

27. Defendant's actions as stated above constitute common law fraud.

ANSWER: Defendant denies the allegations contained in paragraph 27.

WHEREFORE, Defendant, CarMax Auto Superstores, Inc., denies that Plaintiff is entitled to judgment or relief in any amount whatsoever, and specifically denies that Plaintiff is entitled to the relief sought in sub-paragraphs a. through d. of the *ad damnum* to Count IV.

Respectfully Submitted,

**CARMAX AUTO SUPERSTORES, INC.**

By: s/ Christian A. Sullivan_____
One of its Attorneys

Bruce S. Terlep
Christian A. Sullivan
SWANSON, MARTIN & BELL, LLP
2525 Cabot Drive, Suite 204
Lisle, Illinois 60532
p. 630-799-6970
f.  630-799-6901
Attorney No. 6278557